UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

BRITTNEY MICHELLE WATKINS,

                           Debtor.

: Chapter 7
:
: Case No. 25-10264-lgb
:
:

FILED
U.S. BANKRUPTCY COURT
2025 FEB 20  P 2: 06
S.D.N.Y.

------------------------------------------------------------------x

## MOTION TO CONFIRM NO AUTOMATIC STAY IS IN EFFECT PURSUANT TO 11 U.S.C. § 362(b)(22) OR, IN THE ALTERNATIVE, FOR RELIEF FROM STAY

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

Jonathan Cornell (the "Movant"), appearing pro se, respectfully moves this Court for an order confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(b)(22), or in the alternative, for relief from the automatic stay, and in support thereof states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

1. Movant is the owner of residential property located at 143 Admiral Lane, Unit 321, Bronx, NY 10473 (the "Premises").

2. On June 23, 2023, Movant entered into a residential lease agreement with the Debtor for the Premises.

3. The Debtor defaulted under the terms of the lease by failing to pay rent from December 2023 to present.

4. On January 23, 2025, Movant obtained a judgment of possession against the Debtor in the Civil Court of the City of New York, Bronx County, under Index No. LT-324389-24/BX.

5. On January 24, 2025, Movant obtained a second judgment of possession against the Debtor in the Civil Court of the City of New York, Bronx County, under Index No. LT-308077-24/BX.

6. A warrant of eviction was issued to New York City Marshal Justin Grossman on January 27, 2025.

7. The Debtor filed this Chapter 7 bankruptcy case on February 11, 2025 and answered "NO" to the Part 2 Question 11: "Has your landlord obtained an eviction judgment against you?"

8. The Debtor did not file any certification under 11 U.S.C. § 362(l) regarding her right to cure the default or make any rent deposit with the clerk of court.

9. The Debtor continues to occupy the Premises without legal right or permission, having been dispossessed by two valid court orders.

**LEGAL ARGUMENT**

10. Pursuant to 11 U.S.C. § 362(b)(22), the automatic stay does not apply to "continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the

filing of the bankruptcy petition, a judgment for possession of such property against the debtor;"

11. Recent decisions in this district support immediate relief. In re Focht, Case No. 24-10197 (DSJ) (Bankr. S.D.N.Y. Mar. 19, 2024), the court held that §362(b)(22) applies immediately when a debtor fails to make the required rent deposit. The court noted that landlords have "a swift remedy in the event a debtor files a false certification."

12. The facts here are even stronger than Focht, as:

    c. Movant obtained not one but two separate judgments of possession pre-petition;

    d. A warrant of eviction was already issued pre-petition;

    e. Debtor has failed to make any rent payments since December 2023;

    f. Debtor did not file any certification or make any deposit under § 362(l).

13. The timing and circumstances of the bankruptcy filing suggest it was made in bad faith:

    c. The filing occurred shortly after two possessory judgments were obtained;

    d. The filing appears calculated to delay enforcement of valid state court judgments;

    e. Debtor declared under penalty of perjury that her landlord has not obtained an eviction judgment against her,

    f. Debtor did not submit an "*Initial Statement About an Eviction Judgment Against You (Form 101A)*" with her bankruptcy petition.

    g. Debtor has shown no ability or intention to cure the monetary defaults.

14. Alternatively, if the Court determines that the stay does apply, cause exists to lift the stay because:

    c. The Debtor has no equity in the property;

    d. The property is not necessary for an effective reorganization as this is a Chapter 7 case;

    e. The Debtor has demonstrated an inability or unwillingness to pay rent.

## RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court:

A. Enter an order confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(b)(22);

B. In the alternative, grant relief from the automatic stay to permit Movant to proceed with the eviction;

C. Bar the Debtor from filing any subsequent bankruptcy case that would affect Movant's rights in the Premises for a period of one year pursuant to 11 U.S.C. § 349(a);

D. Waive the fourteen-day stay under Bankruptcy Rule 4001(a)(3); and

E. Grant such other relief as this Court deems just and proper.

Dated: February 20, 2025
Manhasset, New York

                                                          Respectfully submitted,

                                                          Jonathan Cornell
                                                          120 Roundale Rd N
                                                          Manhasset, NY 11030
                                                          Cornell.jonathan@gmail.com
                                                          646-374-8267

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                 :
                                                                       : Chapter 7
BRITTNEY MICHELLE WATKINS,                                             :
                                                                       : Case No. 25-10264-lgb
                                        Debtor.                        :
-----------------------------------------------------------------------x

## ORDER CONFIRMING NO AUTOMATIC STAY IS IN EFFECT OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY

Upon the motion (the "Motion") of Jonathan Cornell (the "Movant") for an order confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(b)(22) or, in the alternative, for relief from the automatic stay; and due notice of the Motion having been given; and there being no opposition thereto; and after due deliberation; and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to 11 U.S.C. § 362(b)(22), the automatic stay is not in effect with respect to the Movant's efforts to recover possession of the premises located at 143 Admiral Lane, Unit 321, Bronx, NY 10473 (the "Premises"); and it is further

ORDERED, that in the alternative, pursuant to 11 U.S.C. § 362(d), the automatic stay is hereby vacated and terminated to permit the Movant to exercise all rights and remedies under applicable non-bankruptcy law to recover possession of the Premises; and it is further

ORDERED, that pursuant to 11 U.S.C. § 349(a), the Debtor is barred from filing any subsequent bankruptcy case that would affect Movant's rights in the Premises for a period of one year from the date of this Order; and it is further

ORDERED, that the fourteen-day stay under Bankruptcy Rule 4001(a)(3) is hereby waived and this Order shall be effective immediately upon entry.

Dated: New York, New York

_____, 2025

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE