UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              :
                                                                    :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                          :
                                                                    :   Case No. 25-10264-lgb
                   Debtor.                                          :
-----------------------------------------------------------x

FILED
U.S. BANKRUPTCY COURT
2025 APR -4  A 8:41
S.D.N.Y.

## EX PARTE MOTION FOR RULE 2004 EXAMINATION

Jonathan Cornell (the "Movant"), a creditor and party in interest in the above-captioned case, hereby moves this Court pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure for an order authorizing the Movant to:

    (i)      examine the Debtor, Brittney Michelle Watkins;

    (ii)     examine Co-Debtor Dominick Franklin White;

    (iii)    examine Shaye Falkowitz, a representative of CW Realty Group, an agent of 1719 Gates LLC, a creditor in this case; and

    (iv)    requiring production of certain documents.

In support of this motion, the Movant respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On February 11, 2025, Brittney Michelle Watkins (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. Alan Nisselson was appointed as the Chapter 7 Trustee (the "Trustee").

6. On March 13, 2025, the Debtor appeared for a meeting of creditors pursuant to 11 U.S.C. § 341, which was incomplete and adjourned to April 10, 2025.

7. The Movant is a creditor of the Debtor, holding a claim exceeding $70,000.00 for unpaid rent and other lease-related charges for the premises located at 143 Admiral Lane, Unit 321, Bronx, NY 10473 (the "Premises").

8. The Movant obtained two judgments of possession against the Debtor prior to the bankruptcy filing. The first judgment was entered on January 23, 2025, in a holdover proceeding in Bronx County Civil Court under Index No. LT-324389-24/BX. The second judgment was entered on January 24, 2025, in a non-payment proceeding in Bronx County Civil Court under Index No. LT-308077-24/BX. [ECF No. 11]

9. A warrant of eviction was issued to New York City Marshal Justin Grossman on January 27, 2025. A notice of eviction was served upon the Debtor and Mr. White on February 24, 2025. [Exhibit A]

10. On February 20, 2025, the Movant filed a Motion to Confirm No Automatic Stay is in Effect Pursuant to 11 U.S.C. § 362(b)(22) or, in the Alternative, for Relief from Stay. [ECF No. 10]

11. On March 13, 2025, this Court entered an order confirming that no automatic stay is in effect with respect to the Movant's efforts to recover possession of the Premises (the "Order"). [ECF No. 16]

12. On March 27, 2025, legal possession of the Premises was granted by New York City Marshal Justin Grossman. [Exhibit A]

## DISCREPANCIES AND OMISSIONS IN THE DEBTOR'S PETITION AND TESTIMONY

13. The Movant attended the Section 341 meeting of creditors on March 13, 2025, and asked the Debtor questions regarding her financial affairs. [Exhibit B]

14. During this examination, the Debtor was given the opportunity to correct her petition and declined to do so.

15. The Debtor made statements under oath that directly contradict information provided in her bankruptcy petition and schedules, and also revealed the existence of undisclosed accounts and potential inaccuracies in her bankruptcy filings, including but not limited to:

   A. The Debtor stated under oath that she no longer lives at the Premises but instead resides at 2930 Wilson Avenue (Transcript, p. 6, lines 8-12), contradicting her testimony and her petition which lists the Premises as her current address [Exhibit B];

   B. The Debtor admitted under oath that she was aware at the time of filing that there were two judgments of possession against her that were entered in January 2025 (Transcript, p. 6, lines 13-19), yet answered "No" to Question 11 on her voluntary petition which asked "Has your landlord obtained an eviction judgment against you?" [Exhibit B, ECF 1];

   C. The Debtor claimed not to have any financial accounts not listed in her bankruptcy schedules (Transcript, p. 6, line 24 to p. 7, line 3), but subsequently admitted to having CashApp, PayPal, and Zelle accounts (Transcript, p. 8, lines 3-19), none of which were disclosed on her bankruptcy schedules [Exhibit B];

D. The Debtor admitted to having a CashApp account with the username "$QueenBCashy" (transcribed as "QueenBCashing") (Transcript, p. 8, lines 6-12). [Exhibits B,C];

E. The Debtor admitted to having a PayPal account tied to her email address with the username "@brittneywatkins" (Transcript, p. 8, lines 13-16). [Exhibits B,C];

F. The Debtor admitted to having a Zelle account tied to her email address "Brittneymwatkins004@gmail.com" (Transcript, p. 8, lines 17-19). [Exhibits B,C];

G. When questioned about a discrepancy between her stated 2023 income of $7,500 on her Statement of Financial Affairs and a pay stub showing then year-to-date earnings of $28,400 from her employment at Robert Half International in June 2023, the Debtor failed to explain the substantial discrepancy, stating only "I don't get paid that much no more" (Transcript, p. 7, lines 4-16). [Exhibit B,D];

H. The Debtor stated that her $3,300 monthly rental expense applies to the Premises at 143 Admiral Lane (Transcript, p. 7, lines 17-20), despite having earlier testified that she no longer lives there. [Exhibit B];

16. The Movant also has reason to believe that the Debtor provided false information when applying to rent the Premises. Specifically, the Debtor and Mr. White provided a reference, purportedly named Amanda Moss, who claimed to be an agent of 1719 Gates LLC (the Debtor's prior landlord) and falsely stated that the Debtor was a tenant in good standing with no outstanding rental arrears and no late payments. Upon information and belief, Ms. Moss was never an employee or agent of 1719 Gates LLC or its management company CW Realty Group, and the Debtor was in fact in the process of being evicted by 1719 Gates LLC,

another creditor to Ms. Watkins, at the time she applied to rent the Premises from the Movant. [Exhibit E]

17. Additionally, Dominick Franklin White is a co-resident and co-debtor with the Debtor, having jointly entered into the lease agreement for the Premises. The two appear to have been and may continue to be part of the same economic unit, which is relevant to the means test analysis for the Debtor's eligibility for Chapter 7 relief. Their rental application showed a combined household income of $183,091 per year and indicated that they share household expenses and financial responsibilities. [Exhibits E,F]

## LEGAL STANDARD

18. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."

19. Bankruptcy Rule 2004(b) provides that the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

20. The scope of a Rule 2004 examination is extremely broad and has been likened to a "fishing expedition." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (S.D.N.Y. 2002); *In re Balakis*, 199 B.R. 443, 447 (E.D.NY. 1996).

21. "The purpose of such a broad examination is to enable the trustee to discover the nature and extent of the bankruptcy estate, and to 'discover assets, examine transactions, and determine whether wrongdoing has occurred.'" *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

22. The scope of a Rule 2004 examination may even extend to third parties that possess information related to the debtor's property, liabilities, or financial affairs. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

23. "Third parties from whom information is sought under Bankruptcy Rule 2004 are generally entitled to protection from unwarranted intrusion. However, this Court has held that where the relationship of entities is as interconnected as it appears to be in this case, the entities should be required to provide much of the discovery sought in what is admittedly a complex case." *In re Ionosphere Clubs, Inc.*, 156 B.R. at 432.

24. Where a debtor and non-debtor function as a single economic unit, courts have permitted examination of the non-debtor as part of the Rule 2004 examination. See *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing examination of debtor's wife where she and debtor "functioned as a single economic unit");

25. Digital payment accounts such as CashApp, PayPal, and Zelle are property of the estate under 11 U.S.C. § 541 and must be disclosed in bankruptcy schedules.

26. For purposes of the means test under Section 707(b), courts apply an "economic unit approach" to define "household," looking to financial interdependence between individuals, including the pooling of income and expenses. *In re Jewell*, 365 B.R. 796, 802 (Bankr. S.D.N.Y. 2007); see also *In re Travis*, 353 B.R. 520, 526 (Bankr. E.D. Mich. 2006) (applying economic unit approach for means test).

**GROUNDS FOR RELIEF**

27. The Movant seeks to conduct examinations under Rule 2004 to investigate potential grounds for objection to the Debtor's discharge under 11 U.S.C. § 727, which provides for denial of

discharge where, among other things, the debtor has knowingly and fraudulently made a false oath or account in connection with the case (§ 727(a)(4)(A)), or failed to explain satisfactorily any loss of assets (§ 727(a)(5)).

28. Based on the testimony provided at the Section 341 meeting, there is substantial evidence that the Debtor may have:

   A. Made false statements under oath on her bankruptcy petition, schedules, and at the Section 341 meeting;

   B. Failed to disclose assets, including financial accounts;

   C. Underreported her income; and

   D. Provided false information to obtain the lease at the Premises.

29. Courts have denied discharge under Section 727(a)(4)(A) in similar circumstances where debtors failed to disclose digital payment accounts or underreported income. See *In re Mondore*, 326 B.R. 214, 217 (Bankr. W.D.N.Y. 2005) (denying discharge where debtor "knowingly and fraudulently" omitted financial accounts from schedules); *In re Handel*, 266 B.R. 585, 588 (Bankr. S.D.N.Y. 2001) (denying discharge where debtor significantly underreported income).

30. The Movant also seeks to investigate whether the Debtor's financial affairs are so intertwined with those of Dominick Franklin White that they constitute a single economic unit for purposes of the means test under 11 U.S.C. § 707(b). If the Debtor and Mr. White constitute a single economic unit, their combined income may exceed the threshold for Chapter 7 eligibility.

31. The examination of Shaye Falkowitz is necessary to determine whether the Debtor provided false information when applying to rent the Premises, which may be relevant to the Debtor's

discharge or to a potential non-dischargeability action under 11 U.S.C. § 523(a)(2). The scope of this examination is limited to confirming whether Amanda Moss was employed by or affiliated with CW Realty Group or 1719 Gates LLC during the relevant period, and Movant agrees to accept a sworn affidavit in lieu of an in-person examination if the Court deems it appropriate.

32. Rule 2004 examinations are routinely granted to creditors seeking to investigate potential objections to discharge or dischargeability. See, e.g., *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) (affirming bankruptcy court's order granting creditor's Rule 2004 examination to investigate potential grounds for objection to discharge); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (noting that "Rule 2004 is most often used by trustees or creditors to develop facts leading to possible preference or fraudulent conveyance actions").

33. Prior to filing this Motion, on March 26 2025, the Movant conferred with Alan Nisselson, the Chapter 7 Trustee, regarding the proposed examinations. The Trustee is aware of the Movant's intention to motion this court for Rule 2004 relief.

34. Movant is committed to working cooperatively with the Chapter 7 Trustee, to avoid unnecessary duplication of efforts in investigating the Debtor's financial affairs. Movant is willing to share all discovered information with the Trustee and to coordinate the scope and timing of any examinations to ensure judicial economy and efficiency, in line with the Southern District of New York's commitment to streamlined bankruptcy proceedings.

## PERSONS TO BE EXAMINED

35. The Movant seeks to examine the following individuals:

    A. Brittney Michelle Watkins, the Debtor;

    B. Dominick Franklin White, the Debtor's co-resident and co-debtor on the lease for the Premises; and

    C. Shaye Falkowitz, a representative of CW Realty Group, agent of 1719 Gates LLC.

36. The Movant requests that Shaye Falkowitz be ordered to provide sworn testimony or, if acceptable to the Court in future proceedings, a sworn affidavit confirming the current and past employment status of Amanda Moss with respect to CW Realty or 1719 Gates LLC.

## CONCLUSION

37. The Movant is entitled to conduct a Rule 2004 examination to investigate the Debtor's financial affairs and potential grounds for objection to discharge or dischargeability.

38. The requested examinations are necessary to determine whether the Debtor has concealed assets, made false statements, or committed other acts that would warrant denial of discharge under 11 U.S.C. § 727 or exception to discharge under 11 U.S.C. § 523.

39. The requested examinations are also necessary to determine whether the Debtor and Dominick Franklin White constitute a single economic unit for purposes of the means test under 11 U.S.C. § 707(b).

40. No party's rights will be prejudiced in any way by the Court's granting of this application.

WHEREFORE, the Movant respectfully requests that this Court enter an order:

1. Authorizing the Movant to examine the Debtor, Brittney Michelle Watkins, pursuant to Bankruptcy Rule 2004;

2. Requiring the Debtor to produce the documents described in Exhibit G within fourteen (14) days of the entry of an order granting this motion, in their native electronic format where applicable;

3. Authorizing the Movant to examine Dominick Franklin White pursuant to Bankruptcy Rule 2004;

4. Requiring Dominick Franklin White to produce the documents described in Exhibit G within fourteen (14) days of the entry of an order granting this motion, in their native electronic format where applicable;

5. Authorizing the Movant to examine Shaye Falkowitz pursuant to Bankruptcy Rule 2004 or, alternatively, directing Shaye Falkowitz to provide a sworn affidavit confirming the current and past employment status of Amanda Moss with respect to CW Realty or 1719 Gates LLC.

6. Authorizing the examinations to be conducted at a time and place to be mutually agreed upon by the parties or, if no agreement is reached, at a time and place to be designated by the Movant in a subsequently issued subpoena;

7. In the alternative, if the Court is unwilling to grant the full scope of examination requested, granting a more limited examination focused on the specific discrepancies identified in this motion; and

8. Granting such other and further relief as this Court deems just and proper.

Dated: Manhasset, New York
April 4, 2025

Respectfully submitted,

_____
Jonathan Cornell, Pro Se
120 Bourndale Rd N
Manhasset, NY 11030
Tel: (646) 374-8267
Email: cornell.jonathan@gmail.com