UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:                                                  :     Hearing Date: June 5, 2025
                                                        :     Hearing Time: 10:00am EST
BRITTNEY MICHELLE WATKINS,                              :
                                                        :     Chapter 7
                    Debtor.                             :     Case No. 25-10264-lgb
-----------------------------------------------------------x

**NOTICE OF HEARING REGARDING MOTION FOR COURT INTERVENTION TO (I) COMPEL COMPLIANCE WITH ORDER GRANTING RULE 2004 EXAMINATION AND (II) EXTEND DEADLINES TO FILE OBJECTIONS TO DISCHARGE AND MOTIONS TO DISMISS**

PLEASE TAKE NOTICE that on May 12, 2025, Jonathan Cornell (the "Movant"), filed a Motion for Court Intervention to (I) Compel Compliance with Order Granting Rule 2004 Examination and (II) Extend Deadlines to File Objections to Discharge and Motions to Dismiss (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, on **June 5, 2025 at 10:00 a.m. (Eastern Time)**. The hearing will be conducted via Zoom for Government. Instructions for appearing via Zoom can be found on the Court's website at:

https://www.nysb.uscourts.gov/zoom-video-hearing-guide.[1]

PLEASE TAKE FURTHER NOTICE that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy

---

[1] Any party appearing at, listening to or observing the Hearing must make an electronic appearance, an eCourt appearance, by using the eCourt appearance portal located on the Court's website at http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered on or before 4:00 p.m. prevailing Eastern Time the business day before the hearing.

Court for the Southern District of New York and must be electronically filed with proof of service thereof, so as to be received no later than **May 29, 2025 at 5:00 p.m. (Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned from time to time without any additional or further notice.

PLEASE TAKE FURTHER NOTICE that unless objections are received by the Objection Deadline, the relief may be granted as requested in the Motion.

Dated: May 12, 2025
Manhasset, New York

                                                Jonathan Cornell, Pro Se
                                                120 Bourndale Rd N
                                                Manhasset, NY 11030
                                                (646) 374-8267
                                                cornell.jonathan@gmail.com

TO:

| | |
|---|---|
| BRITTNEY MICHELLE WATKINS<br>Debtor<br>143 Admiral Lane, Unit 321<br>Bronx, NY 10473 | JEB SINGER<br>J. SINGER LAW GROUP, PLLC<br>Attorney for Debtor<br>One Liberty Plaza, 23rd Floor<br>New York, NY 10006 |
| BRITTNEY MICHELLE WATKINS<br>Debtor<br>2930 Wilson Avenue, Apt 1<br>Bronx, NY 10469 | ALAN NISSELSON<br>CHAPTER 7 TRUSTEE<br>WINDELS MARX LANE &<br>MITTENDORF, LLP<br>156 West 56th Street, 22nd Floor<br>New York, NY 10019 |
| DOMINICK FRANKLIN WHITE<br>Examinee<br>2930 Wilson Avenue, Apt 1<br>Bronx, NY 10469 | OFFICE OF THE US TRUSTEE<br>Alexander Hamilton Custom House<br>One Bowling Green<br>Room 534<br>New York, NY 10004 |
| DOMINICK FRANKLIN WHITE<br>Examinee<br>140 De Kruif Place, Apt 32C<br>Bronx NY 10475 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    :
                                                          :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                :
                                                          :   Case No. 25-10264-lgb
            Debtor.                                       :
------------------------------------------------------------x

**MOTION FOR COURT INTERVENTION TO (I) COMPEL COMPLIANCE WITH ORDER GRANTING RULE 2004 EXAMINATION AND (II) EXTEND DEADLINES TO FILE OBJECTIONS TO DISCHARGE AND MOTIONS TO DISMISS**

Jonathan Cornell (the "Movant"), a creditor and party in interest in the above-captioned case, hereby moves this Court pursuant to Rules 2004, 4004, 4007, and 9016 of the Federal Rules of Bankruptcy Procedure for an order (i) compelling compliance with this Court's Order Granting Motion for Rule 2004 Examination entered on April 14, 2025 [ECF No. 23] (the "Order"), and (ii) extending the deadlines to file objections to discharge under 11 U.S.C. § 727, complaints to determine dischargeability under 11 U.S.C. § 523, and motions to dismiss under 11 U.S.C. § 707(b), and respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. On February 11, 2025, Brittney Michelle Watkins (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. At the Section 341 meeting of creditors held on March 13, 2025, the Debtor made several material admissions under oath that demonstrate inconsistencies in her bankruptcy petition and the existence of undisclosed assets, including:

   1. The Debtor admitted she no longer lives at the 143 Admiral Lane address listed in her petition, but instead resides at 2930 Wilson Avenue (Transcript, p. 6, lines 8-12);

   2. The Debtor admitted she was aware of two judgments of possession against her that were entered in January 2025 (Transcript, p. 6, lines 13-19), despite answering "No" to Question 11 on her voluntary petition which asked "Has your landlord obtained an eviction judgment against you?" [ECF 1];

   3. The Debtor admitted to having CashApp, PayPal, and Zelle accounts (Transcript, p. 8, lines 3-19), none of which were disclosed on her bankruptcy schedules;

   4. The Debtor failed to explain a substantial discrepancy between her stated 2023 income of $7,500 on her Statement of Financial Affairs and a pay stub showing year-to-date earnings of $28,400 from Robert Half International in June 2023 (Transcript, p. 7, lines 4-16).

6. These admissions underscore the critical importance of the Rule 2004 examination and document production to investigate potential grounds for objection to discharge under 11 U.S.C. § 727 and potential grounds for dismissal under 11 U.S.C. § 707(b).

7. On April 4, 2025, the Movant filed an Ex Parte Motion for Rule 2004 Examination [ECF No. 18] (the "Motion"), seeking to examine the Debtor and Dominick Franklin White (together with the Debtor, the "Examinees") and requiring the production of certain documents.

8. On April 10, 2025, this Court held a hearing on the Motion, at which the Movant appeared.

9. On April 14, 2025, this Court entered an Order Granting Motion for Rule 2004 Examination [ECF No. 23], authorizing the Movant to examine the Examinees and requiring the production of documents described in Exhibit 1 to the Order.

10. Pursuant to the Order, the Movant was directed to "promptly serve a copy of this Order, along with Exhibit 1, on the Examinees and their counsel (if known)."

11. In compliance with the Order, the Movant served a copy of the Order and Exhibit 1 on the Examinees and the Debtor's counsel on April 15, 2025, via first-class and certified mail [ECF No. 24]. Service by mail is complete upon mailing pursuant to Bankruptcy Rule 9006(e), which states that "Service of process and service of any paper other than process or of notice by mail is complete on mailing."

12. The Order provided that the Examinees "shall produce all documents described in Exhibit 1 to this Order within fourteen (14) days of service of this Order." This fourteen-day period expired on April 29, 2025.

13. The Order further provided that "the examinations shall be conducted at a time and place to be mutually agreed upon by the Examinees and the Movant or, if no agreement is reached within 14 days of this Order's entry, at a time and place to be designated by further order of this Court." This fourteen-day period for reaching an agreement expired on April 28, 2025.

14. On April 14, 2025, the Debtor and Chapter 7 Trustee agreed to extend the deadline to file an objection to discharge for all creditors to July 11, 2025.

15. While the deadline for filing objections to discharge under § 727 was extended to July 11, 2025, the deadline for filing motions to dismiss under § 707(b) for abuse, including means test failures, is governed by Bankruptcy Rule 1017(e) and was not expressly included in that extension. Based on the March 13, 2025 meeting of creditors, the § 707(b) deadline falls on May 12, 2025 (60 days later, extended to Monday since May 11 is a Sunday when the Court is inaccessible, per Rule 9006(a)(3)). This motion is being filed on May 12, 2025—within the deadline period—to timely request an extension of the § 707(b) deadline. The Movant has been unable to gather the information necessary to determine whether grounds exist for a § 707(b) motion due to the Examinees' failure to comply with this Court's Order.

16. The Movant is filing this motion on the deadline date itself to preserve its rights, mindful that the hearing on this motion is scheduled after the original deadline, but understanding that courts in this district routinely grant such timely-filed extension requests even when the hearing occurs after the original deadline has passed.

## EFFORTS TO COMPLY WITH THE ORDER

17. It has now been nearly a month since the Court's Order was entered, and the Movant has made multiple good faith efforts to facilitate compliance with the Order.

18. Since serving the Order, the Movant has made multiple attempts to contact both Examinees to schedule the examinations and to coordinate the production of documents, including through email communications, certified mail, and first-class mail.

19. The Movant has engaged in ongoing communications with the Debtor's attorney, Jeb Singer, regarding document production and scheduling of the examination.

20. The Debtor's attorney has acknowledged that certain documents responsive to the Court's Order do not exist, but has not provided any written certification specifying which documents do not exist and why.

21. On April 29, 2025, the Movant requested that the Debtor's attorney provide a specific timeframe for document production by May 1, 2025. The Movant indicated that if no timeframe was provided, the Movant would seek further Court intervention.

22. On May 2, 2025, the Debtor's attorney committed via email to provide the Movant with availability dates for the examination by Monday, May 5, 2025, and to produce documents by Wednesday, May 7, 2025.

23. As of May 12, 2025, the date of this Motion, the Debtor's attorney has not fulfilled either commitment, having provided neither the promised availability dates nor any documents.

24. The Movant has received no response whatsoever from Examinee Dominick Franklin White, despite multiple attempts to contact him via email, certified mail, and first-class mail at multiple addresses.

25. To date, neither of the Examinees has produced any of the documents required by the Court's Order, nor have they provided any written certification specifying which documents do not exist and why.

26. Given the significant delay that has already occurred, the Examinees' complete failure to comply with this Court's Order to date, and the approaching July 11, 2025 deadline to file objections to discharge, the Movant has elected to seek the Court's intervention at this time. While the Movant has authority to issue subpoenas pursuant to the Court's existing Rule 2004 Order and Bankruptcy Rule 9016, the Movant believes direct Court intervention is now the most efficient path forward and consistent with principles of

judicial economy. Should the Court grant this motion, the Movant intends to issue subpoenas as necessary to enforce compliance with the Court's orders.

### CERTIFICATION OF CONFERENCE

27. As required by Local Bankruptcy Rule 7007-1, I, Jonathan Cornell, hereby certify that I have made multiple good faith efforts to resolve this dispute without Court intervention. These efforts include:

    1. Email communications with Debtor's counsel on April 15, 18, 22, 24, 25, and 29 2025 seeking document production and examination dates;

    2. A telephone conference with Debtor's counsel on April 24, 2025, during which counsel acknowledged the obligation to comply with the Court's Order and promised to coordinate document production;

    3. Multiple attempts to contact Dominick Franklin White via certified mail on April 15 and 22, and email on April 15, 18, 22, and 27 2025.

28. Despite these good faith efforts, the Examinees have not complied with the Court's Order, necessitating this Motion to compel compliance.

### LEGAL STANDARD AND BASIS FOR RELIEF

29. Bankruptcy Rule 2004 examinations serve as a key investigative tool designed to assist parties in "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

30. Bankruptcy Rule 2004(c) provides that "The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

31. Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 applicable in bankruptcy cases, which provides for enforcement of subpoenas and sanctions for failure to comply.

32. While Bankruptcy Rule 9016 (incorporating Federal Rule of Civil Procedure 45) provides the mechanism for issuing subpoenas to compel attendance and document production, the Examinees are already under a direct order from this Court to produce documents and appear for examination. Bankruptcy Rule 9014(c) makes applicable Bankruptcy Rule 7037, which incorporates Federal Rule of Civil Procedure 37 regarding sanctions for failure to make disclosures or cooperate in discovery.

33. Courts have consistently upheld sanctions for failure to comply with Rule 2004 orders. See *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993) (affirming sanctions for failure to comply with Rule 2004 order); *In re Hilsen*, 2008 WL 2945996, at *4 (Bankr. S.D.N.Y. July 25, 2008) (imposing sanctions for non-compliance with Rule 2004 order).

34. Additionally, under 11 U.S.C. § 727(a)(6)(A), the court may deny a discharge to a debtor who has refused to obey a lawful order of the court. See *In re Gardner*, 384 B.R. 654, 663 (Bankr. S.D.N.Y. 2008) (noting that a debtor's failure to comply with a court order can constitute grounds for denial of discharge under § 727(a)(6)(A)).

35. The Court's Order established specific deadlines for document production and for the parties to reach an agreement on the date and location of the examinations.

36. Those deadlines have now passed by a significant margin, and despite the Movant's good faith efforts to coordinate with the Examinees, including accommodating extensions informally requested by the Debtor's counsel, neither Examinee has complied with the document production requirements of the Court's Order, nor has an agreement on examination dates been reached.

37. The Movant requires sufficient time to review any produced documents and conduct the examinations prior to the July 11, 2025 deadline to file an objection to discharge. Without prompt compliance with the Court's Order, the Movant's rights as a creditor will be substantially prejudiced, as there will be insufficient time to:

    1. Review the produced documents;
    2. Conduct the examinations;
    3. Analyze the evidence obtained from the documents and examinations; and
    4. Prepare and file any appropriate objection to discharge before the July 11, 2025 deadline.

38. The current deadlines for filing objections to discharge and motions to dismiss for abuse are July 11, 2025 and May 12, 2025 (60 days after the March 13, 2025 meeting of creditors, as extended to Monday due to the Sunday deadline per Rule 9006(a)(3)), respectively. Courts routinely grant extensions of these deadlines when a party has been diligent in pursuing discovery but has been unable to complete it due to circumstances beyond their control. See *In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003) (extending deadline where delay was not attributable to the creditor); *In re Peres*, 530 B.R. 375, 381 (Bankr. E.D.N.Y. 2015) (extending § 707(b) deadline where creditor demonstrated cause for extension). Here, the Examinees' failure to comply with this

Court's Order dated April 14, 2025 has prevented the Movant from conducting the discovery necessary to determine whether grounds exist to object to the Debtor's discharge or to move for dismissal under § 707(b). Absent extensions, the Movant would be unfairly prejudiced by the Examinees' delays in complying with this Court's order.

39. It is well-established that a court may extend a §707(b) deadline after the motion is timely filed, even if the hearing on such motion occurs after the original deadline has passed. See *In re Emmerling*, 223 B.R. 860, 867 (2d Cir. BAP 1997) (holding that "as long as a request [for extension] is made before the time expires, the court may act on the motion within a reasonable time afterwards"). Here, the Movant has filed this motion on May 12, 2025—the final day of the original deadline—and therefore the Court maintains full authority to grant the requested extension at the hearing scheduled for June 5, 2025.

**RELIEF REQUESTED**

40. The Movant respectfully requests that this Court enter an order:

   1. Compelling the Examinees to produce all documents described in Exhibit 1 to the Court's Order within seven (7) days of the entry of an order on this Motion;

   2. Requiring the Examinees to provide a written certification specifically identifying any documents that do not exist or cannot be produced, and the reasons why, within seven (7) days of the entry of an order on this Motion;

   3. Setting a date, time, and location for the examinations of the Examinees during the week of June 16, 2025, at a location in midtown Manhattan accessible by public transportation;

    4. Directing that the Debtor's failure to comply with the Court's orders may result in sanctions, including potential limitations on the Debtor's discharge;

    5. Awarding the Movant reasonable costs incurred in bringing this motion to compel, as the Examinees' non-compliance has forced the Movant to seek judicial intervention;

    6. Authorizing the Movant to issue, complete, and serve subpoenas pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45 to compel the attendance of the Examinees at the examinations and the production of the requested documents;

41. The Movant further requests that this Court enter an order extending the Movant's deadlines to file:

    1. An objection to discharge pursuant to 11 U.S.C. § 727;

    2. A complaint to determine dischargeability pursuant to 11 U.S.C. § 523; and

    3. A motion to dismiss pursuant to 11 U.S.C. § 707(b) for abuse, including failure of the means test; until September 11, 2025, which is a reasonable extension given the Examinees' failure to comply with this Court's Order dated April 14, 2025, and the need for sufficient time to gather and analyze information pertinent to these potential actions.

42. The Movant also requests that this Court:

    1. Order that if either of the Examinees fails to produce documents or appear for examination as directed, the Court will schedule a show cause hearing at which the Examinee shall demonstrate why they should not be subject to sanctions, and in the case of the Debtor, why such failure should not be grounds for an objection

to discharge under 11 U.S.C. § 727(a)(6)(A) for willful failure to obey a lawful order of the Court; and

2. Grant such other and further relief as this Court deems just and proper.

## CONCLUSION

43. The Movant has made multiple good faith efforts over the course of nearly a month to coordinate with the Examinees to schedule the examinations and facilitate document production in accordance with this Court's Order.

44. Despite these efforts, the deadlines established by the Court's Order have long since passed without compliance by the Examinees.

45. The Movant's ability to effectively investigate potential grounds for objection to discharge under 11 U.S.C. § 727 and potential grounds for dismissal under 11 U.S.C. § 707(b) is being substantially prejudiced by the Examinees' continued non-compliance, and the Movant seeks the Court's intervention solely to effectuate compliance with its Order in an efficient manner and protect the Movant's rights as a creditor.

46. The extension of deadlines sought herein is necessary to preserve the Movant's substantive rights as a creditor. The Movant's timely request for extension, filed on the deadline day itself, is supported by substantial cause—namely, the inability to complete court-ordered discovery despite diligent efforts. Denying the requested extensions would reward the Examinees' non-compliance with this Court's Order and effectively deprive the Movant of the opportunity to properly investigate and assert potential claims under §§ 727 and 707(b). The requested extension to September 11, 2025 is reasonable in scope

and duration, providing sufficient time to complete the Rule 2004 examinations and analyze the information obtained.

WHEREFORE, the Movant respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: May 12, 2025
Manhasset, New York

Respectfully submitted,

_____
Jonathan Cornell, Pro Se
120 Bourndale Rd N
Manhasset, NY 11030
Tel: (646) 374-8267
Email: cornell.jonathan@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    :
                                                          :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                :
                                                          :   Case No. 25-10264-lgb
                    Debtor.                               :
------------------------------------------------------------x

## ORDER (I) COMPELLING COMPLIANCE WITH ORDER GRANTING RULE 2004 EXAMINATION AND (II) EXTENDING DEADLINES TO FILE OBJECTIONS TO DISCHARGE AND MOTIONS TO DISMISS

Upon the Motion of Jonathan Cornell ("Movant") for Court Intervention to (I) Compel Compliance with Order Granting Rule 2004 Examination and (II) Extend Deadlines to File Objections to Discharge and Motions to Dismiss (the "Motion") [ECF No. __]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on June 5, 2025 to consider the relief requested in the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Brittney Michelle Watkins and Dominick Franklin White (the "Examinees") shall produce all documents described in Exhibit 1 to the Court's Order Granting Motion for

Rule 2004 Examination entered on April 14, 2025 [ECF No. 23] within seven (7) days of the entry of this Order.

3. The Examinees shall provide a written certification specifically identifying any documents that do not exist or cannot be produced, and the reasons why, within seven (7) days of the entry of this Order.

4. The examinations of the Examinees shall be conducted on _____, 2025 at **:** ___.m. at _____.

5. The Movant is authorized to issue, complete, and serve subpoenas pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45 to compel the attendance of the Examinees at the examinations and the production of the requested documents.

6. The deadline for the Movant to file:

    1. An objection to discharge pursuant to 11 U.S.C. § 727;

    2. A complaint to determine dischargeability pursuant to 11 U.S.C. § 523; and

    3. A motion to dismiss pursuant to 11 U.S.C. § 707(b) for abuse, including failure of the means test; is hereby extended to September 11, 2025.

7. If either of the Examinees fails to produce documents or appear for examination as directed by this Order, the Court will schedule a show cause hearing at which the Examinee shall demonstrate why they should not be subject to sanctions, and in the case of the Debtor, why such failure should not be grounds for an objection to discharge under 11 U.S.C. § 727(a)(6)(A) for willful failure to obey a lawful order of the Court.

8. The Movant is awarded reasonable costs incurred in bringing the Motion to compel, in the amount of $_____, to be paid by _____ within _____ days of the entry of this Order.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2025
New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE