UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :
                                                            :  Chapter 7
BRITTNEY MICHELLE WATKINS,                                  :  Case No. 25-10264-lgb
                                                            :
         Debtor.                                            :
------------------------------------------------------------x

**EMERGENCY MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF DEADLINES**

Jonathan Cornell (the "Movant"), a creditor and party in interest in the above-captioned case, hereby moves this Court pursuant to 11 U.S.C. §§ 105(a) and 521, Federal Rules of Bankruptcy Procedure 2004, 2005, 9006, 9007, and 9016, and Federal Rule of Civil Procedure 45 for an order: (i) authorizing alternative service of subpoenas for the Rule 2004 examinations of Brittney Michelle Watkins (the "Debtor") and Dominick Franklin White (together with the Debtor, the "Examinees"); (ii) extending the deadline to conduct the Rule 2004 examinations; (iii) extending the deadline for the Movant to file objections, complaints and motions to dismiss; and (iv) granting such other and further relief as the Court deems just and proper. In support of this Motion, the Movant respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 521, Federal Rules of Bankruptcy Procedure 2004, 2005, 9006, 9007, and 9016, and Federal Rule of Civil Procedure 45.

## BACKGROUND

5. On February 11, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. On April 14, 2025, this Court entered an Order Granting Motion for Rule 2004 Examination [ECF No. 23] (the "Rule 2004 Order"), authorizing the examination of the Examinees and requiring the production of documents described in Exhibit 1 to the Rule 2004 Order.

7. On June 13, 2025, this Court entered an Order (I) Compelling Compliance with Order Granting Rule 2004 Examination and (II) Extending Deadlines to File Objections to Discharge and Motions to Dismiss [ECF No. 29] (the "Compliance Order"), which extended the deadline to conduct the Rule 2004 examinations to July 15, 2025.

8. On July 2, 2025, this Court entered a further Stipulation and Order Extending Time for Creditor Jonathan Cornell to Complete Rule 2004 Examination [ECF No. 30] (the "Extension Order"), which extended the deadline to conduct the Rule 2004 examinations to August 1, 2025.

9. The Extension Order also extended the deadline for the Movant to file: (i) an objection to discharge pursuant to 11 U.S.C. § 727; (ii) a complaint to determine dischargeability pursuant to 11 U.S.C. § 523; and (iii) a motion to dismiss pursuant to 11 U.S.C. § 707(b) for abuse, to September 30, 2025.

10. On July 3, 2025, Movant conferred with Jeb Singer, counsel for the Debtor, and the parties agreed to conduct the Rule 2004 examination of the Debtor on July 24, 2025.

11. On July 7, 2025, after coordinating with a professional process server from ABC Legal, Movant issued subpoenas pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016 to compel the attendance of both Examinees at the scheduled examination.

12. Despite multiple attempts, the process server has been unable to effectuate personal service on either Examinee, as detailed in the process server logs attached hereto as Exhibit 1. Service on the Debtor's counsel has been effective via certified mail.

13. The Debtor testified at her Section 341 meeting of creditors that she currently resides at 2930 Wilson Ave, Bronx, NY.

14. The process server has observed mail and packages addressed to both Brittney Michelle Watkins and Dominick Franklin White at that address, suggesting that both Examinees reside at that location.

15. To date, neither Examinee has accepted personal service of the subpoenas.

## LEGAL ANALYSIS

**A. Authority for Alternative Service**

16. Bankruptcy Rule 2004(c) provides that an entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information for a Rule 2004 examination.

17. Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 applicable in bankruptcy cases, which provides for enforcement of subpoenas and sanctions for failure to comply.

18. Federal Rule of Civil Procedure 45 generally requires personal service of subpoenas. However, courts have authorized alternative service methods when traditional service is impracticable. See, e.g., F.T.C. v. PCCare247 Inc., 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing service by email where the defendants were evading service).

19. The United States Bankruptcy Court for the Southern District of New York has explicitly recognized and authorized alternative service methods in circumstances where standard service methods are impracticable. In In re Three Arrows Capital, Ltd., 647 B.R. 440 (Bankr. S.D.N.Y. 2022), the court authorized service of a Rule 45 subpoena via email and Twitter when the subjects were avoiding traditional service methods. The court reasoned that alternative service was "warranted and reasonably calculated to provide notice" and necessary to prevent the frustration of the court's discovery orders.

20. Under 11 U.S.C. § 105(a), the Court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

21. Bankruptcy Rule 2005(a)(1)(B) specifically addresses situations where "the debtor has evaded service of a subpoena or an order to attend the examination," providing a basis for court intervention.

22. Based on the process server logs and other evidence of evasion, this Court has authority to order alternative service methods to ensure the effectiveness of the Rule 2004 Order.

**B. Evidence of Evasion of Service**

23. The process server logs (Exhibit 1) demonstrate that the Examinees are evading service: a. Multiple service attempts have been made at different times of day; b. The process server has observed occupancy at the residence (lights, movement, etc.); c. Mail and packages addressed to the Examinees have been observed at the residence and subsequently removed, indicating that the Examinees are accessing the property; d. Certified mail has been refused.

24. Courts have found similar patterns of behavior to constitute evasion of service. See, e.g., In re Dinubilo, 177 B.R. 932, 943 (E.D. Cal. 1993) (affirming sanctions for failure to comply with Rule 2004 order).

25. In Wasserman v. Farah (In re Farah), 2007 Bankr. LEXIS 3170 (Bankr. D.N.J. Sept. 11, 2007), the court found service to be effective where a summons and complaint were sent by both regular and certified mail to the defendant's last known address. Even though the defendant refused the certified mail, the regular mailing was not returned, and the court upheld the service. This precedent supports a request to have refusal of certified mail deemed effective service.

26. Under these circumstances, alternative service is appropriate and necessary to effectuate the Court's Rule 2004 Order within court procedural rules.

**C. Deadline Extension**

27. The current deadline to complete the Rule 2004 examinations is August 1, 2025, pursuant to the Extension Order.

28. Due to the difficulties in effectuating service and the limited time remaining before the deadline, a brief extension of time is necessary to conduct the examinations once service has been properly effectuated.

29. Bankruptcy Rule 9006(b) permits the Court to enlarge time periods "for cause" upon motion made before the expiration of the specified period.

30. Good cause exists for a brief extension because:

    a. The Movant has been diligent in attempting to effectuate service;

    b. The service difficulties are due to the Examinees' evasive conduct, not any lack of diligence by the Movant;

    c. The Examinees will not be prejudiced by a brief extension; and

    d. The requested relief is necessary to ensure that the Movant can effectively exercise his rights under the Rule 2004 Order.

## RELIEF REQUESTED

31. The Movant respectfully requests that this Court enter an order:

    a. Authorizing alternative service of 2004 subpoenas and any subsequent subpoenas by one or more of the following methods:

        i. Leaving a copy of the subpoena at the Examinees' residence (2930 Wilson Ave, Bronx, NY) with a person of suitable age and discretion;

        ii. Affixing a copy of the subpoena to the door of the Examinees' residence;

        iii. Serving the Debtor through her counsel, Jeb Singer;

        iv. Serving the subpoenas by first-class mail, certified mail, and email; or

        v. Any other method the Court deems appropriate;

    b. Deeming such alternative service to be effective as personal service for purposes of Federal Rule of Civil Procedure 45;

 c. Extending the deadline to complete the Rule 2004 examinations from August 1, 2025 to September 1, 2025;

 d. Extending the deadline for the Movant to file:

  i. i. An objection to discharge pursuant to 11 U.S.C. § 727;

  ii. A complaint to determine dischargeability pursuant to 11 U.S.C. § 523;

  iii. A motion to dismiss pursuant to 11 U.S.C. § 707(b) for abuse, including failure of the means test to October 31, 2025;

 e. Granting such other and further relief as the Court deems just and proper.

## NO PRIOR REQUEST

32. No prior request for the relief sought in this Motion has been made to this or any other court, except for the previous stipulations and orders extending the deadline for the Rule 2004 examinations.

## AUTHENTICATION OF EXHIBITS

33. I, Jonathan Cornell, under penalty of perjury pursuant to 28 U.S.C. § 1746, state:

 a. I am the creditor who retained ABC Legal Services to attempt service of subpoenas on the Examinees in this matter.

 b. On July 15, 2025, I retrieved from the ABC Legal customer portal, the process server logs attached hereto as Exhibit A, which are true and accurate copies of the documents provided to me.

    c. These logs were provided to me in the regular course of ABC Legal's business operations as part of their reporting on service attempts.

    d. Based on my interactions with ABC Legal, these logs accurately reflect their attempts to serve the subpoenas on the dates and times specified.

    e. The process server logs attached as Exhibit A demonstrate the evasive conduct and service difficulties described in this Motion.

WHEREFORE, Movant respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Manhasset, New York
July 15, 2025

Respectfully submitted,

_____
Jonathan Cornell, Pro Se
120 Bourndale Rd N
Manhasset, NY 11030
cornell.jonathan@gmail.com
(646)374-8267