UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :   Chapter 7
BRITTNEY MICHELLE WATKINS,                                     :   Case No. 25-10264-lgb
                                                               :
            Debtor.                                            :
---------------------------------------------------------------x

## AFFIDAVIT OF JONATHAN CORNELL REGARDING INCOMPLETE RULE 2004 EXAMINATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

JONATHAN CORNELL, being duly sworn, deposes and says:

1. I am a movant and creditor in the above-captioned bankruptcy case. I am over the age of eighteen (18) years and am competent to make this affidavit. The statements contained herein are made upon my personal knowledge and belief and, if called upon to testify, I would testify competently thereto.

2. Following extensive coordination between myself and Jeb Singer, Esq., counsel for the Debtor, a court ordered Rule 2004 examination of the Debtor Brittney Michelle Watkins and Examinee Dominick Franklin White was scheduled for Thursday, September 25, 2025, at 1:30 p.m. via Zoom videoconference.

3. Pursuant to this Court's Order Granting Emergency Motion for Alternative Service and Extension of Deadlines [ECF No. 42] (the "Alternative Service Order"), Federal Rule of Civil Procedure 45, and Federal Rule of Bankruptcy Procedure 9016, subpoenas for the Rule 2004 examination were properly issued and served upon both Examinees on September 2, 2025.

EVENTS OF SEPTEMBER 25, 2025

4. On Thursday, September 25, 2025, at approximately 1:34 p.m., I began deposing Brittney Michelle Watkins pursuant to court orders. Dominick Franklin White did not appear. The examination was conducted via Zoom videoconference with Joshua Edwards serving as the court reporter.

5. At approximately 2:03 p.m., during my questioning of Ms. Watkins, she disconnected from the Zoom call without explanation.

6. I waited approximately ten (10) minutes to see if Ms. Watkins would return to continue her examination.

7. At approximately 2:13 p.m., I telephoned the offices of J. Singer Law Group, PLLC. The call rang unanswered and went to voicemail.

8. At approximately 2:14 p.m., I telephoned the mobile telephone of Elliot Segnini, paralegal at J. Singer Law Group, PLLC, who answered. I informed Mr. Segnini of my identity and that his firm's client, Ms. Watkins, had disconnected from the Zoom deposition that was currently underway. I asked him to contact Ms. Watkins and inquire whether she would be able to return to complete the deposition. Mr. Segnini informed me that he would reach out to Ms. Watkins and provide me with an update.

9. At approximately 2:30 p.m., I made a second telephone call to Mr. Segnini to follow up on the status of Ms. Watkins' return to the Zoom deposition. My call went to voicemail, and I left a voice message requesting that Mr. Segnini contact me regarding Ms. Watkins' intentions to continue her examination.

10. I remained on the Zoom call with court reporter Joshua Edwards until approximately 2:33pm, waiting for Ms. Watkins to return and continue her testimony.

11. Ms. Watkins did not reappear on the Zoom call, and I received no communication from Ms. Watkins or her attorney indicating any intention to continue the examination.

12. At approximately 2:33 p.m., I adjourned the deposition. Mr. Edwards and I agreed to keep both of our schedules available for the remainder of the afternoon in the event that Ms. Watkins returned to continue her testimony.

13. At approximately 6:25 p.m., having received no communication from Ms. Watkins or her counsel regarding continuation of the deposition, I notified Mr. Edwards that I was releasing him from the remainder of our scheduled time for that day.

14. Dominick Franklin White did not appear at any time during this deposition and to this date, I have not received any documents or communications from Mr. White.

15. As a result of Ms. Watkins' premature departure from the examination and Mr. White's failure to appear, I was unable to complete the questioning that I needed to conduct pursuant to the court's orders, which questioning is essential to my investigation of potential grounds for objection to the Debtor's discharge under 11 U.S.C. § 727 and complaints for determination of dischargeability under 11 U.S.C. § 523.

16. I make this affidavit to establish the record regarding Ms. Watkins' failure to complete her court-ordered Rule 2004 examination, Mr. White's failure to appear for his court-ordered Rule 2004 examination, and to preserve my rights to seek appropriate relief from this Court.

_____
Jonathan Cornell, Pro Se
120 Bourndale Rd N
Manhasset, NY 11030
Tel: (646) 374-8267
Email: cornell.jonathan@gmail.com

Sworn to before me this 27TH
27th day of September, 2025

On the 27th day of September in the year 2025, before me, the undersigned notary public, personally appeared Jonathan C. Cornell, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

NINA ANZA TRUGLIO, NOTARY
PUBLIC, STATE OF NEW YORK
#01AN6026713 QUALIFIED IN
NASSAU COUNTY EXP C/21/2027